Cite as: 604 U. S. \_\_\_\_ (2024)            1

# SUPREME COURT OF THE UNITED STATES

No. 24A408

REPUBLICAN NATIONAL COMMITTEE, ET AL. *v.*
FAITH GENSER, ET AL.

ON APPLICATION FOR STAY

[November 1, 2024]

The application for stay presented to JUSTICE ALITO and by him referred to the Court is denied.

Statement of JUSTICE ALITO, with whom JUSTICE THOMAS and JUSTICE GORSUCH join, respecting the denial of the application for a stay.

This case concerns a recent decision of the Supreme Court of Pennsylvania that adopted a controversial interpretation of important provisions of the Pennsylvania Election Code. Specifically, the court held that a provisional ballot must be counted even if the voter previously submitted an invalid mail-in ballot within the time required by law. The applicants contend that this interpretation flouts the plain meaning of the state election code, see 25 Pa. Cons. Stat. §3050(a.4)(5)(ii) (2019), and that the interpretation is so far afield that it also violates the Elections Clause and the Electors Clause of the Constitution of the United States. See Art. I, §4, cl. 1; Art. II, §1, cl. 2; *Moore* v. *Harper*, 600 U. S. 1, 37 (2023). Seeking to prevent county election boards from following that interpretation in next week's election, the applicants ask us to stay the State Supreme Court's judgment or at least to order the sequestration of ballots that may be affected by that interpretation.

The application of the State Supreme Court's interpretation in the upcoming election is a matter of considerable importance, but even if we agreed with the applicants' federal

constitutional argument (a question on which I express no view at this time), we could not prevent the consequences they fear. The lower court's judgment concerns just two votes in the long-completed Pennsylvania primary. Staying that judgment would not impose any binding obligation on any of the Pennsylvania officials who are responsible for the conduct of this year's election. And because the only state election officials who are parties in this case are the members of the board of elections in one small county, we cannot order other election boards to sequester affected ballots. For these reasons, I agree with the order denying the application.